FILED

08/09/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0525

DA 21-0525

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 159N

IN RE THE PARENTING OF: A.P.V.W., a minor child,

DAVID ALLEN WARD,

        Petitioner and Appellee,

    v.

SHANELLE J. VAN DYKE,

        Respondent and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                In and For the County of Lewis and Clark, Cause No. BDR 2020-49
                Honorable Michael F. McMahon, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Michelle H. Vanisko, Hinshaw & Vanisko, PLLC, Helena, Montana

        For Appellee:

                David B. Gallik, Gallik Law Office, PLLC, Helena, Montana

                                Submitted on Briefs:  June 29, 2022

                                      Decided:  August 9, 2022

Filed:

                        _____
                                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Shanelle Van Dyke (Mother) appeals the First Judicial District Court's September 21, 2021 Order on Pending Motions (Order) denying her M. R. Civ. P. 59(e) Motion to Alter or Amend the Judgment and Request for Judicial Notice. Mother also challenges the District Court's Findings of Fact and Conclusions of Law and Order, and related Final Parenting Plan, on the basis of the court's statements to the Guardian ad Litem (GAL) at the conclusion of the merits hearing. We affirm, but Mother is not prohibited from filing a new petition under § 40-4-219, MCA, for amendment of the parenting plan.

¶3 Mother and David Ward (Father) lived together unmarried in Lincoln for several years until December 2019. Their child, A.P.V.W., was born in 2016. On February 27, 2020, Mother obtained an Order of Protection against Father, prohibiting Father from coming within 1,500 feet of Mother. The Order of Protection did allow Father to exercise supervised parenting time with A.P.V.W. for four hours a week and was eventually modified to reduce the prohibited distance to 700 feet. Father petitioned for a permanent parenting plan, and a GAL was appointed. The GAL filed a report recommending alternate parenting plans: one if Mother continued to reside in Lincoln, and another if Mother moved

to East Helena to pursue new employment. The District Court held a merits hearing on June 10, 2021, to take testimony from the parties and consider the GAL's report.

¶4 As originally drafted, the GAL's report proposed a parenting plan that gave Father parenting time only every other weekend, regardless of whether Mother remained in Lincoln or moved to East Helena. During her testimony, the GAL stated that she intended to amend her report. In response, and based upon the testimony it had heard, the District Court stated that the amended report should provide a proposed schedule assuming Mother remained in Lincoln and another for Mother moving to East Helena. To wit, that if Mother moved to East Helena and the GAL was still convinced that Father should parent only "every other weekend," that Father would receive "substantial summer parenting time . . . coordinated with the school district calendar at Helena," and some evening time with A.P.V.W. during Father's "off weeks." The District Court also directed the GAL to include a parenting proposal with a "two-two-three" day rotation should A.P.V.W. remain enrolled in school in Lincoln.

¶5 Shortly after the hearing, Mother committed to moving to East Helena. On July 9, the GAL submitted an amended report, including the two parenting plan scenarios and schedules for either Lincoln or East Helena as Mother's residency, as directed by the District Court. On July 13, 2021, the District Court issued its Findings of Fact and Conclusions of Law and Final Parenting Plan, which adopted the "East Helena" parenting plan with minor modifications. Father filed a Notice of Entry of Judgment on July 15.

¶6      On August 12, 2021, Mother filed a Motion to Alter or Amend Judgment.  In the Motion, made pursuant to M. R. Civ. P. 59(e), Mother argued that newly discovered and previously unavailable evidence relevant to the matter should be brought to the District Court's attention.  Specifically, Mother contended that, on August 2, 2021, Father had been arrested at his residence on allegations of Partner or Family Member Assault, § 45-5-206, MCA, and Strangulation of a Partner or Family Member, § 45-5-215(1), MCA.  Although the incident did not involve Mother, and A.P.V.W. was not present, Mother argued the evidence was directly related to the best interest factors a court must consider for parenting plans under § 40-4-212(1), MCA.  Mother also argued the District Court had erred when it directed the GAL to include certain provisions in her amended report at the conclusion of the merits hearing.  Mother additionally filed a Request for Judicial Notice asking the District Court to take notice of the Complaint and Affidavit and Order Re: Probable Cause filed in Father's criminal matter, which detailed the allegations against him.

¶7      The District Court denied both the Motion and the Request for Judicial Notice.  The District Court ruled the Motion was untimely because "on July 15, 2021, [Father] filed a Notice of Entry of Judgment relative to this Court's July 13, 2021 'Judgment.'  Thereafter, [Mother] had twenty-eight days to seek Rule 59(e) relief.  There are twenty-nine days from July 15, 2021 to August 13, 2021."  Regarding the Request for Judicial Notice, the District Court stated that "for purposes of A.P.V.W.'s best interest, [it] may only consider 'physical abuse or threat of physical abuse by one parent against the other parent or the child,'" pursuant to § 40-4-212(1)(f), MCA.  While stating Father's alleged conduct in the charging

4

documents "genuinely concerned" the court, it reasoned that Father "has yet to be convicted and, under the law, is presumed to be innocent" until proven guilty. Mother appeals.

¶8 "We review a district court's conclusions of law to determine whether the district court's interpretation of the law is correct." *Chase v. Bearpaw Ranch Ass'n*, 2006 MT 67, ¶ 14, 331 Mont. 421, 133 P.3d 190 (citing *Chamberlin v. Puckett Construction*, 277 Mont. 198, 202-03, 921 P.2d 1237, 1240 (1996)). "We review a district court's denial of a [Rule 59(e)] motion to amend for abuse of discretion." *Lee v. USAA Cas. Ins. Co.*, 2001 MT 59, ¶ 27, 304 Mont. 356, 22 P.3d 631 (citation omitted). "The test for abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." *Jarvenpaa v. Glacier Elec. Coop.*, 1998 MT 306, ¶ 13, 292 Mont. 118, 970 P.2d 84 (citation omitted). A district court has discretion in determining issues related to trial administration; we review its decisions in that regard for abuse of discretion. *Fink v. Williams*, 2012 MT 304, ¶¶ 18-20, 367 Mont. 431, 291 P.3d 1140 (citations omitted).

¶9 "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." M. R. Civ. P. 59(e). The Rules provide that a judgment is "entered . . . if a separate document is required, when the judgment is entered in the civil docket and . . . it is set out in a separate document." M. R. Civ. P. 58(c)(2)(A) (2019). The judgment entered here was in the form of a separate document, as required. *See* M. R. Civ. P. 58(a) (2019). Mother argues that, pursuant to the local rules permitting email filing, her

Motion was filed on August 12, 2021, when she emailed it to the court, not on August 13, as the District Court noted in its Order. Therefore, she contends that, because she filed on August 12, she timely filed her Motion within 28 days of the Notice of Entry of Judgment.[1] However, Rule 59 does not provide that a motion to alter or amend a judgment must be filed no later than 28 days after the *notice of* entry of judgment, but, rather, clearly states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the *entry* of judgment." M. R. Civ. P. 59(e) (emphasis added).

¶10 The District Court's Findings of Fact and Conclusions of Law and Order, and Final Parenting Plan, the judgments Mother sought to have amended, were both entered on July 13, 2021. According to the calculation of dates in the Montana Rules of Civil Procedure, *see* M. R. Civ. P. 6(a)(1), from July 13, 2021, to August 12, 2021, is 30 days. Therefore, while the District Court erred by using the date of Father's Notice of Entry of Judgment as the starting date in its calculation, and by using August 13 as the date Mother filed her Motion, Mother's Motion was nonetheless untimely under the Rules.[2] As the Motion was untimely, the issue regarding judicial notice is technically mooted. However,

---

[1] Mother's Opening Brief cites Rule 59(b), but that Rule applies to motions for a new trial. Mother's Motion was to alter or amend a judgment pursuant to Rule 59(e), but, in any event, the 28-day timeline is the same in both provisions.

[2] The record contains two duplicate copies of Mother's Rule 59(e) Motion and supporting brief, both of which are stamped "Filed" by the District Court. One copy, however, is stamped as filed on August 12, the other on August 13. The Case Register Report on review likewise lists both copies, although it indicates the August 12 copy was emailed, as Mother represents. The District Court's "Filed" stamp on each document appears to be signed by a different District Court staff member, which perhaps lead to the apparent confusion of dates.

despite the expiration of time to file under Rule 59(e), Mother is not prejudiced in her ability to file a petition for amendment of the Final Parenting Plan under § 40-4-219, MCA.

¶11 Mother also argues the District Court abused its discretion by "directing" the GAL to include certain provisions in her amended parenting plan, which she proposed to file after the merits hearing. Mother argues a guardian ad litem's role is to advocate for and provide recommendations based on the child's best interests, in light of the evidence, and that, while courts may direct guardians ad litem to perform certain tasks, by directing the GAL here to include specific provisions in the amended parenting plan, the District Court erroneously prevented the GAL from objectively advocating for A.P.V.W.'s best interests.

¶12 Section 40-4-205, MCA, provides for the appointment of guardians ad litem in child custody matters. Subsection (2) provides:

> The guardian ad litem has the following general duties:
>
> (a) to conduct investigations that the guardian ad litem considers necessary to ascertain the facts related to the child's support, parenting, and parental contact;
>
> (b) to interview or observe the child who is the subject of the proceeding;
>
> (c) to make written reports to the court concerning the child's support, parenting, and parental contact;
>
> (d) to appear and participate in all proceedings to the degree necessary to adequately represent the child and make recommendations to the court concerning the child's support, parenting, and parental contact; and
>
> (e) to perform other duties as directed by the court.

Section 40-4-205(2), MCA.

7

¶13 A guardian ad litem may propose a parenting plan based on her observations, and the district court ultimately determines the final parenting plan, in accordance with the child's best interest. Section 40-4-212(1), MCA. "Child custody cases often present the court with difficult decisions. We must presume that the court carefully considered the evidence and made the correct decision." *In re Marriage of Tummarello*, 2012 MT 18, ¶ 34, 363 Mont. 387, 270 P.3d 28 (quotation marks and citation omitted). To that end, a district court is not required to adopt a guardian ad litem's proposed parenting plan but may rely on it in its ultimate parenting plan determination. *See Tummarello*, ¶ 35 (a district court is entitled to evaluate reports and testimony, including those of a guardian ad litem, and adopt the recommendations it determines to be in the child's best interest).

¶14 Here, the District Court "directed" the GAL to include certain provisions in her amended parenting plan at the conclusion of the merits hearing, after the presentation of testimony and evidence, the testimony of the GAL expressing her intention to amend her report, and waiver of closing statements by the parties. The District Court then told the GAL that "for purposes of your proposed plan that you are going to amend, the Court would like for you to consider a couple different options. If you are still convinced of every other weekend for [Father], I would like substantial summer parenting time for him." The District Court went on to state:

> I would also like a proposal that if this Court requires [A.P.V.W.] to be going to school in Lincoln, a plan of equal parenting time . . . . [T]he two-two-three is what I find to be the most efficient. So . . . [e]ssentially . . . if [A.P.V.W.] is in Helena, this is the plan; if she's in Lincoln, this is the plan.

8

The District Court noted it requested the changes to the GAL's initial proposal because "there's got to be sufficient days during the summer to try and make up [for parenting time lost] during the school year." Finally, the District Court explained that, despite the changes it was requesting in the amended report, it would still consider the GAL's recommendation, that the two parenting plan options it provided were based upon its review of the evidence, and that it reserved the authority to make an ultimate decision on the parenting plan:

> But I will rely upon her recommendation. If she says it should be a Lincoln schedule, it will be a Lincoln schedule. If it's going to be a Helena Schedule, it will be a Helena schedule. But those are the two options she's left with *based upon what the Court has heard today in evidence.* And she will make the recommendation, and if I disagree with it, then I'll put the opposite schedule in. Okay?

(Emphasis added.)

¶15 While Mother raises a cautionary point, we conclude that under these circumstances the District Court did not abuse its discretion. At this stage of the proceeding, the District Court could have proceeded, and would have been within its authority, to enter a final parenting plan based upon the GAL's initial report and the evidence presented at the merits hearing, and decline to receive an amended report. Instead, it voiced its considerations and directed the GAL to include and consider its proposals in the amended parenting plan. It then reviewed the amendments and issued the Final Parenting Plan it found to be in A.P.V.W.'s best interests. *See* § 40-4-212(1), MCA; *Tummarello*, ¶ 35.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents

9

no constitutional issues, no issues of first impression, does not establish new precedent or modify existing precedent, and the District Court did not abuse its discretion.

¶17 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA